UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN T. SMITH, | No. 2:19-cv-1918 TLN DB |
| Plaintiff, | |
| v. | ORDER |
| DENNIS BREWER, an individual domiciled in New Jersey; WINNETT PERICO, INC., a Colorado corporation, d.b.a. WINNETTORGANICS; WINNETTORGANICS, a business entity of unknown type; WINNETTORGANICS CATTLE COMPANY, INC., a Colorado corporation; WINNETT CATTLE COMPANY, INC. a Colorado corporation, | |
| Defendants. | |

This matter came before the undersigned on September 18, 2020, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 18.) Attorney Geoffrey Evers appeared via Zoom on behalf of the plaintiff. No appearance was made by, on behalf of, a defendant. At that time, oral argument was heard and the motion was taken under submission. Further inspection of plaintiff's filings, however, finds several issues that must be addressed before a motion for default judgment can be granted.

In this regard, plaintiff Dean T. Smith commenced this action through counsel on September 20, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) The

complaint alleges generally that plaintiff "is a green investor, focusing his investments on organic and sustainable farming." (Compl. (ECF No. 1) at 5.[1]) Defendant Dennis Brewer, the agent for defendants Winnett Perico, Inc., WinnettOrganics, WinnettOrganics Cattle Company, Inc., and Winnett Cattle Company, Inc., (collectively "Winnett"), contacted plaintiff and provided "a PowerPoint presentation that WinnettOrganics was an 'Organic Fresh Food Specialist[.]'" (Id.) On July 26, 2018, plaintiff invested $100,000, in defendants' business. (Id. at 6.)

The complaint alleges state law causes of action for breach of contract, specific performance, violation of California Business & Professions Code § 17200, *et seq.*, fraud, conversion, negligent misrepresentation, violation of California Corporations Law § 25400, *et seq.*, and declaratory relief.[2] (Id. at 8-16.) On August 4, 2020, plaintiff filed a motion for default judgment. (ECF No. 17.)

In evaluating a motion for default judgment the court considers

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26). Here, the motion for default judgment fails to address any of the Eitel factors specifically.

In this regard, the motion for default judgment does not identify which claims and/or against which defendants plaintiff is seeking default judgment. Nor does the motion evaluate the sufficiency of the complaint. This is particularly problematic here given plaintiff's briefing. In this regard, the complaint asserts a cause of action for breach of contract. (Compl. (ECF No. 1) at 8.) The complaint states that a copy of the contract "is attached as Compl. Appendix 13[.]" (Id.)

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

[2] Jurisdiction over these claims is based on the court's diversity jurisdiction. (Compl. (ECF No. 1) at 1-3.)

The complaint's appendix does include a copy of a financing statement signed by plaintiff and defendant Dennis Brewer. (ECF No. 1-1 at 14.) Plaintiff's briefing, however, does not explain how that agreement pertains to the complaint's breach of contract claim as to any specific defendant.

The complaint also asserts a cause of action for fraud but refers only vaguely to the actions of the "defendants." (Id. at 10.) Again, plaintiff's motion for default judgment does not address the sufficiency of this claim as to any specific defendant. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

The complaint also refers vaguely to a "CLASS ACTION" claim. (Compl. (ECF No. 1) at 9.) "Federal courts may only adjudicate the rights of putative class members upon certification

////

of that class under Federal Rule of Civil Procedure 23." Partington v. American Intern. Specialty Lines Ins. Co., 443 F.3d 334, 340 (4th Cir. 2006).

Moreover, the complaint alleges that the Winnett defendants are Colorado corporations. (Compl. (ECF No. 1) at 2.) On October 4, 2019, plaintiff filed proofs of service on the Winnett defendants. Those proofs of service state that service was accomplished on the Winnett defendants by serving defendant Dennis Brewer, as the "AGENT FOR SERVICE OF PROCESS." (ECF Nos. 5-8.) The Colorado Secretary of State, however, does not identify Dennis Brewer as the Registered Agent for service on the Winnett defendants. See generally https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20121579260&entityId2=20121579260&fileId=20121579260&srchTyp=ENTITY (last visited Feb. 10, 2021).

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that plaintiff's August 4, 2020 motion for default judgment (ECF No. 17) is denied without prejudice to renewal of a motion that cures the defects noted above.

Dated: February 11, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\smith1918.mdj.den.ord