UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN T. SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>DENNIS BREWER, an individual domiciled in New Jersey; WINNETT PERICO, INC., a Colorado corporation, d.b.a. WINNETTORGANICS; WINNETTORGANICS, a business entity of unknown type; WINNETTORGANICS CATTLE COMPANY, INC., a Colorado corporation; WINNETT CATTLE COMPANY, INC. a Colorado corporation,<br><br>  Defendants. | No.  2:19-cv-1918 TLN DB<br><br><br>ORDER |

On September 24, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(19) for hearing of plaintiff's motion for default judgment. (ECF No. 26.) Attorneys Geoffrey Evers and Richard Lambert appeared via Zoom on behalf of the plaintiff. Defendant Dennis Brewer appeared via Zoom pro se. At the hearing defendant Brewer expressed a desire to oppose default judgment.

Defendant Brewer is advised that defendant's default was entered on October 29, 2019. (ECF No. 10.) However, "Rule 55(c) [of the Federal Rules of Civil Procedure] provides that a court may set aside a default for 'good cause shown.'" Franchise Holding II, LLC. v. Huntington

Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, 375 F.3d at 925-26).

"Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional[.]'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001). And "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting TCI, 244 F.3d at 700); see also In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) ("the purpose of the requirement is to show the trial court that a sufficient defense is assertible"). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (quoting Falk 739 F.2d at 463). Moreover, "[o]ur rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle, 615 F.3d at 1089.

In light of defendant Brewer's pro se appearance and stated intentions, defendant Brewer will be granted time to file a motion seeking to set aside the entry of default.[1]

////
////
////

---

[1] Defendant Brewer's motion shall be noticed for hearing in compliance with Local Rule 230.

2

Accordingly, IT IS HEREBY ORDERED that defendant Brewer is granted twenty-eight days from the date of this order to file a motion seeking to set aside the entry of default.[2]

Dated: September 27, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\smith1918.oah.092421

---

[2] The status and resolution of plaintiff's motion for default judgment shall be determined after or in conjunction with the resolution of defendant Brewer's motion to set aside entry of default, if any.