UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN T. SMITH,<br><br>            Plaintiff,<br><br>       v.<br><br>DENNIS BREWER, an individual domiciled in New Jersey; WINNETT PERICO, INC., a Colorado corporation, d.b.a. WINNETTORGANICS; WINNETTORGANICS, a business entity of unknown type; WINNETTORGANICS CATTLE COMPANY, INC., a Colorado corporation; WINNETT CATTLE COMPANY, INC. a Colorado corporation,<br><br>            Defendants. | No. 2:19-cv-1918 TLN DB<br><br><br>ORDER |

Pending before the undersigned are plaintiff's motion for default judgment and defendant Dennis Brewer's motion to set aside the entry of default. (ECF Nos. 20 & 30.) For the reasons stated below, the undersigned recommends that plaintiff's motion for default judgment be denied and defendant's motion to set aside entry of default be granted.

**FACTUAL BACKGROUND**

Plaintiff commenced this action on September 20, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) The allegations of the complaint generally concern breach

////

1

1    of contract and fraud with respect to plaintiff's investment in defendants' business ventures.[1]
2    Plaintiff filed proofs of service on October 4, 2019.  (ECF Nos. 5-8.)  On October 28, 2019,
3    plaintiff requested entry of defendants' default.  (ECF No. 9.)  The Clerk entered defendants'
4    defaults the following day.  (ECF No. 10.)

5          On May 8, 2020, plaintiff filed a motion for default judgment.  (ECF No. 12.)  That
6    motion, however, was denied after plaintiff failed to appear at the hearing of the motion.  (ECF
7    No. 16.)  On August 4, 2020, plaintiff again filed a motion for default judgment.  (ECF No. 17.)
8    That motion, however, was also denied due to several defects.  (ECF No. 19.)

9          Plaintiff filed the pending motion for default judgment on August 12, 2021.  (ECF No.
10   20.)  Defendant Dennis Brewer, appearing pro se, filed responses on September 8, 2021, and
11   September 10, 2021.  (ECF Nos. 21 & 22.)  Plaintiff filed a reply on September 16, 2021.  (ECF
12   No. 23.)  The motion came for hearing before the undersigned on September 24, 2021.  (ECF NO.
13   26.)  Attorneys Geoffrey Evers and Richard Lambert appeared via Zoom on behalf of the plaintiff
14   and Dennis Brewer appeared pro se also via Zoom.  (Id.)  Thereafter, defendant Brewer was
15   granted leave to file a motion seeking to set aside entry of default.  (ECF No. 27.)

16         On October 22, 2021, defendant Brewer filed the pending motion to set aside entry of
17   default.  (ECF No. 30.)  Plaintiff filed an opposition on November 19, 2021.  (ECF No. 33.)  The
18   motion was taken under submission on November 29, 2021.  (ECF No. 34.)

19   **I.     Plaintiff's Motion For Default Judgment**

20         Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default
21   judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken
22   as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co.
23   v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United
24   States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also
25   DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826
26   F.2d 915, 917-18 (9th Cir. 1987).

27

28   [1] Jurisdiction over this action is premised on the parties' diversity.  (Compl. (ECF No. 1) at 1.)

2

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

On February 12, 2021, the undersigned denied plaintiff's prior motion for default judgment without prejudice to renewal. (ECF No. 19.) That order explained that plaintiff's motion for default judgment failed to discuss the "Eitel factors" and "failed to identify which claims and/or against which defendants plaintiff [was] seeking default judgment." (Id. at 2.) The order explained that was "particularly problematic . . . given plaintiff's briefing." (Id.)

In this regard, the order explained that the complaint asserts a cause of action for breach of contract, purports to provide a copy of the contract, but does not. (Id.) The complaint also asserts a claim for fraud but fails to provide any specificity to support that claim. (Id. at 2-3.) The complaint also "refers vaguely to a 'CLASS ACTION' claim." (Id.)

In response to that order, plaintiff filed the pending motion for default judgment. Although that motion does discuss the Eitel factors, it does not remedy the other defects noted in the February 12, 2021 order. In this regard, it is still unclear which claims and against which defendant plaintiff is seeking default judgment. Moreover, plaintiff's motion for default

3

judgment does not address each claim upon which plaintiff seeks default judgment, the elements of each claim, and how the complaint alleges factual allegations establishing each element. Nor has plaintiff explained the complaint's reference to a class action.

Under these circumstances, the undersigned cannot find that plaintiff has established the merits of plaintiff's substantive claims or the sufficiency of the complaint. Accordingly, the undersigned will recommend that plaintiff's motion for default judgment be denied.

## II.  DEFENDANT'S MOTION TO SET ASIDE DEFAULT[2]

Defendant's motion to set aside entry of default is brought pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. "Rule 55(c) provides that a court may set aside a default for 'good cause shown.'" Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)). The good cause standard under Rule 55(c) is the same standard applied to motions seeking to vacate default judgment brought pursuant to Rule 60(b). Id. at 925-26. "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, 375 F.3d at 925-26).

### A.  Defendant's Conduct

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Neglectful failure to answer as to which the

---

[2] Having found the plaintiff's motion for default judgment should be denied the undersigned will also recommend that plaintiff be granted leave to file an amended complaint. Thus, it is unclear to what extent defendant Brewer's motion to set aside entry of default is moot. See Schneider v. Bank of America N.A., No. 2:11-cv-2953 JAM EFB PS, 2015 WL 13651208, at *2 (E.D. Cal. Feb. 27, 2015) ("by adding new claims and new allegations against Home Retention Group to the second amended complaint, that party's default is opened and the plaintiff was required to serve that defendant with a copy of the second amended complaint"). For purposes of thoroughness the undersigned will analyze the motion in full.

defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional[.]'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).

Here, defendant Brewer concedes that "Defendant failed to answer within the required deadline." (Def.'s Mot. Set Aside (ECF No. 30) at 2.) Defendant Brewer explains that defendant lacked "sufficient financial resources to mount a defense at that time." (Id.) The undersigned finds defendant's assertion to be a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.

### B.    Meritorious Defense

"[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting TCI, 244 F.3d at 700); see also In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) ("the purpose of the requirement is to show the trial court that a sufficient defense is assertible"). "[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094 (quoting TCI, 244 F.3d at 700).

Here, defendant Brewer has submitted an answer that appears to assert several meritorious defenses, if true, including issues related to jurisdiction and a denial of the complaint's allegations. (ECF No. 22.) Rule 8 of the Federal Rules of Civil Procedures allow that a "party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial." Fed. R. Civ. P. 8(b)(3); see also Sanchez, 2013 WL 3457072, at *2 ("Quiroz's statement that he is not liable for any of the damages alleged by Sanchez is in the nature of a general denial.").

////

### C.     Prejudice

Plaintiff's opposition to defendant's motion to set aside entry of default fails to address the issue of prejudice with specificity. (Pl.'s Opp.'n (ECF No. 33) at 5.) Moreover, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (quoting Falk 739 F.2d at 463). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996).

The undersigned finds that setting aside defendant Brewer's default would not prejudice plaintiff's ability to pursue any claim.

### D.     Extreme Circumstances

"[D]ue to the strong federal policy in favor of deciding cases on the merits whenever possible, 'judgment by default is a drastic step appropriate only in extreme circumstances[.]'" Francois & Co., LLC v. Nadeau, 334 F.R.D. 588, 596 (C.D. Cal. 2020) (quoting Mesle, 615 F.3d at 1091). "Our rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle 615 F.3d at 1089. "'The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.'" Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (quoting Lee v. Bhd. of Maintenance of Way Employees—Burlington N. Sys. Fed'n., 139 F.R.D. 376, 381 (D. Minn. 1991)).

Here, the undersigned finds an absence of extreme circumstances justifying default. See AF Holdings LLC v. Buck, No. 2:12-cv-1068 LKK KJN, 2013 WL 79949, at *7 (E.D. Cal. Jan. 4, 2013) ("In addition to the three factors discussed above, the undersigned gives great weight to the established policies favoring resolution of claims on the merits and disfavoring default judgments, especially when a pro se party is the subject of the default."); Yagman v. Galipo, No. CV 12-7908 GW (SHx), 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) ("the Ninth Circuit

has consistently emphasized that courts have 'especially broad' discretion in setting aside defaults"); PNC Bank, N.A. v. Smith, No. CIV S-10-1916 JAM EFB, 2011 WL 6696947, at *4 (E.D. Cal. Dec. 21, 2011) ("although it is unclear whether defendants' denials of plaintiff's claims would be meritorious, there is at least a bona fide chance that defendants could prevail").

In light of the above evaluation, the undersigned will recommend that defendant Brewer's motion to set aside entry of default be granted.  Plaintiff argues that in granting defendant Brewer's motion, the Court "should so do so as to Defendant Brewer only" as defendant Brewer cannot represent the corporate defendants.  (Pl.'s Opp.'n (ECF No. 33) at 1.)  That is true.  The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

Plaintiff is advised, however, that Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

In this regard, the Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir.

1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in favor of other defendants"); Helton v. Factor 5, Inc., Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint."). Here, plaintiff's motion for default judgment alleges that the defendants acted "jointly and severally." (Pl.'s MDJ. (ECF No. 20) at 13.).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 12, 2021 motion for default judgment (ECF No. 20) be denied;

2. Defendant Brewer's October 22, 2021 motion to set aside entry of default (ECF No. 30) be granted;

2. The entry of defendant Brewer's default be set aside;

3. Plaintiff be granted twenty-eight days to file an amended complaint;

4. Plaintiff be ordered to serve a copy of the amended complaint on defendant Brewer and file proof of such service within fourteen days thereafter; and

5. Defendant Brewer be ordered to file a responsive pleading to the amended complaint within twenty-one days of being served with the amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 8, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\smith1918.set.aside.f&rs